## Continuation of Application for Criminal Complaint

I, Timothy E. Dawe, being duly sworn, hereby depose and state as follows:

1.    I am a Deputy U.S. Marshal with the U.S. Marshals Service (USMS) currently assigned to the Western District of Michigan, Grand Rapids office. I have been so employed since February 2012.  During my employment with the USMS, I have conducted investigations into a wide variety of federal criminal laws, and I have significant experience in enforcement of those laws.  These criminal violations include investigations of escaping from custody, in violation of 18 U.S.C. § 751(a), and failing to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2).   As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2.    I submit this continuation in support of a criminal complaint and arrest warrant for Keandre Keith Allen. As set forth below, there is probable cause to believe Allen committed a violation of 18 U.S.C. § 751(a) (escape from custody) on or about April 22, 2026 in Kalamazoo County, Michigan.

3.    This continuation is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.    I am advised by the United States Attorney's Office that the elements of 18 U.S.C. § 751(a)[1]  are:

   a.  An escape,

---

[1] *United States v. Bailey*, 444 U.S. 394, 407 (1980).

b. from the custody of the Attorney General, or confinement in an institution where the prisoner is confined by the direction of the Attorney General,

c. when such custody or confinement is pursuant to a judgment of conviction or other process issued under the laws of the United States.

d. Furthermore, absconding from a placement in a treatment center where a defendant is permitted to leave for specific purposes is sufficient for escape. *United States v. Rudinsky*, 439 F.3d 1074, 1076 (6th Cir. 1981). "A person may still be in custody, even though not under constant supervision of guards, so long as there is some restraint on his complete freedom." *Id.* (citing *Read v. United States*, 361 F.2d 830 (10th Cir. 1966)).

### Probable Cause

5.    In 2022, Allen was sentenced to serve 70 months in the Bureau of Prisons (BOP). *See United States v. Keandre Keith Allen, case number 1:21-CR-00111, R.73: Judgment, PageID.247*

6.    On January 13, 2026, the BOP ordered Allen to spend the final 10 months of his sentence at Kalamazoo Probation Enhancement Program (KPEP), a BOP contract Residential Reentry Center located in Kalamazoo County, Michigan.

7.    Allen arrived at KPEP on January 28, 2026. On February 10, 2026 he was transferred to the Newaygo County Jail for violating the rules of KPEP RRC. On March 18, 2026 he was transferred back to KPEP. On March 19, 2026, Allen signed

a KPEP form indicating he understood the rules of the facility, to include not leaving the facility without permission, and agreed to obey them. Allen also signed a document that he had received and understood the prohibited acts for federal prisoners, to include escape from a non-secure institution, and that he was liable for the resulting sanctions for violating the acts. Per KPEP staff, up until April 22, 2026, Allen was permitted to leave for employment purposes, medical appointments, and approved social passes.

8.      KPEP placed sign-out restrictions for Allen on April 22, 2026 after he had violated facility rules. Allen was out on leave during the day when the restrictions were put into effect. Allen returned to KPEP at 8:40 PM and was advised by staff that he was under sign-out restriction and could not leave KPEP. At 9:16 PM, staff observed Allen leave the facility without authorization. He was seen by staff carrying a black suitcase when he left.

As of today's date, Allen has not returned to KPEP and has not been located.

### Conclusion

9.      Based on the above, I submit there is probable cause to believe that Keandre Keith Allen has escaped from custody in violation of 18 U.S.C. § 751(a).